IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANIEL J. O'BRIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CAROLYN COLVIN, | ) | 1:15CV536 |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

On May 11, 2016, the United States Magistrate Judge's Memorandum Opinion and Recommendation ("Recommendation") was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. [Docs. # 11, 12.] Plaintiff Daniel J. O'Brien timely objected. [Doc. #13.] After a careful consideration of the evidence of record, this court finds that the Commissioner's decision is supported by substantial evidence, and as a result, will overrule Mr. O'Brien's objections and adopt the Recommendation.

I.

Federal law authorizes judicial review of the Commissioner's denial of social security benefits. 42 U.S.C. § 405(g); Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, the scope of review of such a decision is "extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case de novo." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir.

1974). Instead, "a reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation omitted).

"Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1993) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (internal citations and quotation marks omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ]." Mastro, 270 F.3d at 176 (internal brackets and quotation marks omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472.

## II.

Mr. O'Brien filed an application for Social Security Disability Benefits on January 27, 2012 alleging a disability onset date of May 13, 2011. (Tr. at 41, 171.) Mr. O'Brien's application was initially denied on May 18, 2012 and upon

2

Case 1:15-cv-00536-NCT-LPA   Document 15   Filed 09/30/16   Page 2 of 10

reconsideration on July 16, 2012. (Tr. at 52, 67-68.) Mr. Marshall requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 4, 2013. (Tr. at 14.) Mr. Marshall, his attorney, and a vocational expert ("VE") attended the hearing. (Id.) In an opinion dated January 10, 2014, the ALJ found that Mr. O'Brien did not qualify as disabled. (Tr. at 70-84.) Mr. O'Brien appealed the ALJ's finding to the Appeals Council. On May 12, 2015, the Appeals Council denied Mr. O'Brien's request for review. (Tr. at 1.)

After the Appeals Council denied review, Mr. O'Brien brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. (Compl. [Doc. #1].) Commissioner filed an Answer. [Doc. #4.] Subsequently, Mr. O'Brien filed a Motion for Judgment Reversing Or Modifying The Decision of the Commissioner, or Remanding The Cause for A Rehearing [Doc. #7] and supporting Memorandum [Doc. #8]. Commissioner then filed a Motion for Judgment on the Pleadings [Doc. #9] and supporting Memorandum [Doc. #10].

### III.

Mr. O'Brien objects to the Recommendation with regard to four issues: (1) the Magistrate Judge was incorrect in finding that the ALJ properly determined Mr. O'Brien's mental residual functional capacity, (2) the Magistrate Judge was incorrect in finding that the ALJ properly accounted for his finding as to Mr.

3

O'Brien's moderate difficulties in social functioning, (3) the Magistrate Judge was incorrect in finding that the ALJ adequately accounted for his finding that Mr. O'Brien had moderate limitations in concentration, persistence, or pace, and (4) the Magistrate Judge was incorrect in finding that the ALJ properly determined Mr. O'Brien's overall residual functional capacity. (Pl.'s Objs. to Rec. of US Magistrate Judge "Pl.'s Objs." [Doc. #13].)

A.

Mr. O'Brien first argues that

> While the ALJ represents that his "residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis" (Tr. 77), upon review, contrary to the contention of the M&R, the Court will be unable to locate the ALJ's "more detailed assessment" of O'Brien's restrictions in activities of daily living and at no point does the ALJ discuss how O'Brien's moderate restrictions in activities of daily living when combined with his other impairment effect his ability to engage in work activity.

(Id. at 2-3.)

Mr. O'Brien cites to the Fourth Circuit's decision in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) and its progeny in support of his assertion that remand is required where the ALJ finds the claimant "has limitations in concentration, persistence, or pace," but does not account for those in the RFC. (Id. at 3.) The Mascio court held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638.

4

However, the record does not support Mr. O'Brien's contention. At Step Three, the ALJ found the following severe impairments: ocular headaches, major depressive disorder, post-traumatic stress disorder, and anxiety disorder. (Tr. at 75.) At Step Four, the ALJ went on to assess whether or not Mr. O'Brien's mental impairments met, alone or in combination, one of the listed impairments. (Tr. at 76.) To do this, the ALJ considered whether the "paragraph B" criteria were "satisfied." (Id.) The ALJ then went through a detailed assessment to determine that neither the paragraph B nor the paragraph C criteria were satisfied establishing that "the severity of the claimant's mental impairments . . . do not meet or medically equal" a listed impairment. (Tr. at 76-77.) When finishing the analysis in Step Four, the ALJ wrote that "the mental residual functional capacity assessment used at steps 4 and 5 of the . . . process require a more detailed assessment by itemizing various functions contained in broad categories found in paragraph B." (Tr. at 77.) As explained supra, this is exactly what the ALJ did at Step 4. At Step 5, the ALJ explicitly addresses Mr. O'Brien's mental functioning, what evidence the ALJ found compelling, and the specific limitations due to Mr. O'Brien's mental limitations. (Tr. at 77-82.)

In addition, the ALJ addressed these issues when posing hypothetical questions to the VE at Mr. O'Brien's hearing. (Tr. at 37-39.) Unlike the ALJ in Mascio, here the ALJ did not limit the hypothetical only to "simple, routine tasks" or "unskilled work." The ALJ asked the vocational expert about work limited to "simple instructions; simple work-related decisions; respond to usual work

5

situations and changes in routine work setting; brief, infrequent, superficial contact with the public; occasional interaction with co-workers and/or supervisors; maintain attention and concentration for two-hour segments." (Tr. at 37.) In response, the VE cited three jobs, available in significant numbers in the national economy, that Mr. O'Brien could perform. (Tr. at 38.) Thus, in accordance with Mascio, the ALJ did properly account for the mental limitations in Mr. O'Brien's RFC.

**B.**

Mr. O'Brien next argues that the ALJ erred by not sufficiently analyzing "opinions from the consultants the ALJ did not discuss nor account for" and that "both consultants opined O'Brien is impaired in his ability to accept instructions and respond appropriately to criticism from supervisors." (Pl.'s Objs. [Doc. #13] at 3.) Mr. O'Brien completes his argument by stating that "the ALJ did not adequately account for . . . moderate difficulties in social functioning in light of his statement that he incorporated the opinions of the psychological consultants in to the residual functional capacity." (Id. at 5.)

Although Mr. O'Brien does not specify to which consultants' opinions he is referring, the two consultants who found Mr. O'Brien to be disabled or unable to be employed were Dr. Michael Dulin and Jane Patterson, MSW. (Tr. at 302, 402.) In his decision, the ALJ explicitly referenced the treatment Mr. O'Brien received from Dr. Dulin and Ms. Patterson. (Tr. at 79-80.) Then the ALJ expressly explained why he gave little weight to the opinions of both Dr. Dulin and Ms.

6

Patterson. (Tr. at 82.) Specifically, the ALJ found that "both opinions appear to be based largely on subjective complaints of the claimant rather than substantial support from any objective or clinical findings."[1] (Tr. at 82.) Because, contrary to Mr. O'Brien's assertion, the ALJ did explain why he did not give Dr. Dulin and Ms. Patterson's opinions great weight, Mr. O'Brien's objection fails.

## C.

Mr. O'Brien next asserts that the Magistrate Judge was incorrect in finding that the ALJ adequately accounted for his finding that Mr. O'Brien had moderate limitations in concentration, persistence, or pace.

> The M&R improperly makes an assumption not stated by the ALJ. At no point in the decision does the ALJ discuss or explain O'Brien's ability to stay on task. By finding in step-two that O'Brien suffers from limitations in concentration, persistence, or pace, the ALJ admitted that facts exist which correlate with a limitation on O'Brien's ability to stay on task and possibly perform other work related functions.

(Pl.'s Objs. [Doc. #13] at 5.)

However, the record does not support this contention. When posing hypotheticals to the VE, the ALJ included the limitation that "they would have to be able to maintain attention and concentration for two-hour segments over an

---

[1] In addition to the ALJ's thorough explanation of the weight he gave the consultants in question, even if he had not, it is well-settled that an ALJ is not required to make a detailed analysis of every piece of evidence. See Kelly v. Astrue, No. 5:08-CV-289, 2009 WL 1346241, at * 11 n.3 (ALJ is not required to discuss all evidence in the record) (citing Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005)). See also Haynes v. Barnhart, 416 F.3d 621, 626 (7th Cir. 2005) ("The ALJ need not, however, provide a 'complete written evaluation of every piece of testimony and evidence.'").

7

eight-hour period; and they could complete a normal work week without excessive interruptions from psychologically or physically based symptoms." (Tr. at 37.) The VE then went on to give jobs that existed in the economy that included this limitation in concentration, persistence, or pace. (Tr. at 38.) Courts have found the ALJ's findings were not supported by substantial evidence when the ALJ did not include concentration or pace limitations in hypotheticals that then were the basis for the resulting RFC. See generally Ealy v. Commissioner of Social Sec., 594 F.3d 504, 517 (6th Cir. 2010) (remanding where "[t]he hypothetical posed by the ALJ should have included the restriction that [claimant] could work two-hour work segments during an eight-hour work day"). By including a durational limitation, the ALJ did include reference to Mr. O'Brien's moderate limitations in concentration, persistence, or pace in his hypothetical and in his resulting RFC determination. Thus, Mr. O'Brien's ability to stay on task was addressed and included in the RFC.

### D.

Mr. O'Brien's final contention is that the Magistrate Judge was incorrect in finding that the ALJ properly determined Mr. O'Brien's overall residual functional capacity. Specifically, Mr. O'Brien argues that, "[i]n this case the ALJ did not include in the narrative discussion of O'Brien's residual functional capacity an explanation of why opinions he said he incorporated in to the residual functional capacity were not included." (Pl.'s Objs. [Doc. #13] at 7.) In his objections, Mr. O'Brien does not specify what opinions were not included nor how they would impact the RFC if they were. In addition, the record does not support this

8

argument. As explained supra, the ALJ explained precisely why he gave greater weight to some opinions over others. For this reason, Mr. O'Brien's argument does not undermine the finding that the RFC determination is supported by substantial evidence.[2]

<strong>IV.</strong>

For the reasons stated herein, the Court adopts the Magistrate Judge's Recommendation [Doc. #11]. Plaintiff's Motion for Judgment Reversing the Commissioner [Doc. #7] is **DENIED**, Defendant's Motion for Judgment on the Pleadings [Doc. #9] is **GRANTED**, and the action is **DISMISSED WITH PREJUDICE**.

A Judgment dismissing this action will be entered contemporaneously

---

[2] In the alternative, any error in the ALJ's RFC determination was harmless. "[T]he Fourth Circuit has embraced harmless error review of administrative decisions, such that, if an ALJ erroneously considered or failed to consider some evidence, remand is not appropriate unless the claimant was prejudiced." Dyrda v. Colvin, 47 F.Supp.3d 318, 326 (M.D.N.C. 2014). "Errors are harmless in Social Security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error." Austin v. Astrue, 2007 WL 3070601, at *6 (W.D.Va. 2007). In the present action, Mr. O'Brien does not explain how the RFC would have been different had the ALJ included analysis and explanation Mr. O'Brien claims is missing. See Robinson v. Astrue, 2011 WL 4368396, at *5 (D.S.C. 2011) (holding that when plaintiff failed to demonstrate how any additional discussion by the ALJ would have produced a different result, the error was harmless).

with this Memorandum Order.

    This the 30th day of September, 2016.

                                           <u>/s/ N. Carlton Tilley, Jr.</u>
                                       Senior United States District Judge